DONALD P. BABSON & others[1] *vs.* BOSTON RENT CONTROL
ADMINISTRATOR.

Suffolk.     November 3, 1976. — December 1, 1976.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Rent Control,* Regulations, Tax escalation clause, Base maximum rent.

A regulation by the Boston rent control administrator, which pur-
ported to exclude from the base maximum rent of a controlled rental
unit amounts payable under tax escalation clauses as a result of tax
increases announced by the city of Boston after the base month, ex-
ceeded the administrator's authority and was invalid under St. 1970,
c. 842, § 6 (a). [405]

BILL IN EQUITY filed in the Housing Court of the City of
Boston on January 31, 1974.

The case was heard by *Garrity,* C.J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Mark Snyder* for the defendant.

*Alix Smullin (Joseph L. Cotter* with her) for the plain-
tiffs.

WILKINS, J.     We agree with a judge of the Housing
Court of the City of Boston who ruled, under St. 1970,
c. 842, § 6 (a), that the base maximum rent of a controlled
rental unit ("the rent charged the occupant for the month
six months prior to the acceptance of this act by a munici-
pality") includes amounts payable by tenants under the
terms of tax escalation clauses in their leases.

The defendant rent control administrator issued rent
Regulation 1, § 5 of which purported to exclude from the

---

[1] For the disposition of this case it is unnecessary to set forth or to
consider the status of the various plaintiffs. It is sufficient to treat them
collectively as the landlord.

maximum rent any tax increment on account of tax increases announced by the city of Boston after the base month. Here, the units became subject to rent control on January 1, 1973, and the maximum permissible rents were those in effect for July, 1972. In the fall of 1973, the local real estate tax bill for the premises was issued and additional rent was due from tenants under the tax escalation clauses in their leases. Because the local tax rate remained stable from 1972 to 1973 the additional rent due in 1973 was substantially equivalent to the additional rent payable in 1972 under the tax escalation clauses.

This bill for review and for declaratory relief challenges the administrator's determination, pursuant to his regulation, that the landlord was not entitled to charge, collect, or retain the additional rent payable under the tax escalation clauses of the various leases. The judge ruled in favor of the landlord, and the defendant appealed. We transferred the appeal here for disposition. There was no error.

We have no difficulty in concluding that "the rent charged . . . for" July, 1972, included amounts later determined to be payable with respect to that month. It is plain that the additional obligation was "rent,"[2] and equally plain that under the tax escalation clauses that rent was "charged" in proportionate part for July, 1972. The conclusion we reach is the same as that reached in substantially similar circumstances in *Woods* v. *Callahan*, 172 F.2d 179 (1st Cir. 1948).

Because the statute is unambiguous in this respect, the defendant's regulation to the contrary exceeds his authority and is invalid, and we need not consider whether, in resolving an ambiguity in a statute applicable to more than one municipality, we should look for guidance in its interpretation to a regulation issued in a single municipality.

*Judgment affirmed.*

---

[2] Statute 1970, c. 842, § 3 (c), defines "rent" as "the consideration . . . for or in connection with the use or occupancy of rental units . . . ."